

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PRISCILLA HANDLEY, on Behalf of
Herself and All Others Similarly Situated            PLAINTIFF

VS.        NO. 4-01-CV-00778 SWW

STEWART TITLE OF ARKANSAS, INC.            DEFENDANT

## BRIEF IN SUPPORT DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant, Stewart Title of Arkansas, Inc. ("STAR"), by and through its undersigned counsel, states as follows for its Brief in Support of Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction:

### INTRODUCTION

Ms. Priscilla Handley's counsel commenced Ms. Handley's class action against STAR on November 14, 2001.[1]

---

[1] Ms. Handley's counsel also filed at least five other class action lawsuits in November, each of which stems from the same basic facts but names different defendants. These six class actions challenge certain alleged business practices of STAR and state essentially the same facts. In addition to the instant lawsuit, Ms. Handley's counsel filed the following actions on the following dates in November 2001:

- *William A. Epps and Leslie A. Epps, on Behalf of Themselves and All Others Similarly Situated v. Stewart Information Services Company*, Case No. 4-01-CV-00764, filed November 7, 2001; and
- *Mike Tonasulo, on Behalf of Himself and All Others Similarly Situated v. Real Estate Central, Inc.*, Case No. 4-01-CV-007971, filed November 21, 2001; and
- *Art Maune, on Behalf of Himself and All Others Similarly Situated v. Rainey Realty, Inc.*, Case No. 4-01-CV-00827, filed November 21, 2001; and
- *Tina K. Williams, on Behalf of Herself and All Others Similarly Situated v. Rector Phillips Morse, Inc.*, Case No. 4-01-CV-00796, filed on November 21, 2001; and
- *Ralph Martin England, on Behalf of Himself and All Others Similarly Situated v. AgentOnline.com & Jeff Fuller*, Case No. 4-01-CV-00795, filed November 21, 2001.

The language of Ms. Handley's counsel's six class action complaints apes consumer-protection lawsuits, but STAR believes Ms. Handley's counsel and STAR's competitors, not Ms. Handley or the other named plaintiffs, drive these six class actions.

Ms. Handley lacks standing to maintain her action against STAR[2]. This Court must dismiss her claims because it lacks subject matter jurisdiction. Ms. Handley alleges STAR violated the Real Estate Settlement Procedures Act ("RESPA"), codified at 12 U.S.C. § 2001, et seq., by failing to disclose to her alleged affiliated business arrangements ("AfBA's") between STAR and various unnamed real estate agencies and alleged fee payments by STAR pursuant to those AfBA's. Ms. Handley, however, was not referred to STAR through any AfBA, and, thus, has no personal stake in the outcome of her allegations. Because she has not been injured and has no personal stake in the outcome of her allegations, Ms. Handley has no standing to maintain her action, and this Court must dismiss her Complaint.

STAR makes a factual challenge to Ms. Handley's standing before this Court. STAR understands that this Court has subject matter jurisdiction over RESPA actions in general, but argues that Ms. Handley in particular has no factual standing to maintain her action before this Court. In deciding STAR's factual challenge to Ms. Handley's standing, this Court does not presume the truth of Ms. Handley's allegations. Rather, in this factual challenge to this Court's subject matter jurisdiction under Rule 12(b)(1), this Court should look outside Ms. Handley's Complaint and weigh the evidence to confirm its subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990); *Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988).

**Ms. Handley's Background with STAR.**

Ms. Handley, on February 7, 2001, purchased a home located at 21 Leisurewood Lane, Maumelle, Arkansas from Michael E. and Donna M. Farrell. Lynda Bowers and Associates listed the home, and Rainey Realty ("Rainey") served Ms. Handley as the selling agent. See Exhibit A to Motion To Dismiss—Ms. Handley's HUD-1 Closing and

---

[2] This Motion to Dismiss addresses the issue of Ms. Handley's standing, only. Nothing in this brief or its Motion to Dismiss should be construed as an admission by STAR.

I:\MBM\STAR\Brief In Support of Motion to Dismiss For Lack of Subject Matter Jurisdiction.doc

Settlement Statement. STAR issued a title insurance policy insuring Ms. Handley's title to her new home. See Affidavit of Michael Harris, attached to Motion to Dismiss.

STAR did not obtain Ms. Handley's business through an AfBA and did not split any fee or title insurance premium it received in Ms. Handley's transaction. See Affidavit of Michael Harris, attached to Motion to Dismiss. Ms. Handley paid STAR a $365 premium for a title insurance policy with a face amount of $127,492.00. See Affidavit of Michael Harris, attached to Motion to Dismiss.

In addition to the title insurance premium, Ms. Handley paid STAR, and STAR retained in full (except for payment to third-party service providers like Federal Express), the following fees for services STAR rendered:

| | |
|---|---|
| Settlement or Closing Fee | $192.75 |
| Abstract or title search | $60.00 |
| Document Preparation | $75.00 |
| Tax Report | $30.00 |
| Overnight Delivery | $30.00 |
| Homeowner's Title Policy | $150.00 |
| Total | $507.75 |

See Exhibit A to Motion to Dismiss - Ms. Handley's HUD-1 Closing and Settlement Statement.

STAR did not split with any third party any fee or premium it received from Ms. Handley, and Ms. Handley's Complaint fails to allege that STAR did so. Ms. Handley, therefore, has no personal stake in the outcome of her action against STAR.

### THIS COURT MUST DISMISS MS. HANDLEY'S COMPLAINT BECAUSE MS. HANDLEY LACKS STANDING TO MAINTAIN HER ACTION

Ms. Handley's counsel claims STAR violated RESPA and harmed Ms. Handley by failing to disclose STAR's alleged AfBA's with various unnamed third parties. To have standing to maintain her action, Ms. Handley would have to show that STAR generated her

business through an undisclosed AfBA and improperly split with third-parties fees she paid to STAR. Ms. Handley lacks standing to maintain an action against STAR involving any alleged AfBA because STAR did not generate Ms. Handley's business through an AfBA. Ms. Handley likewise lacks standing before this Court to maintain an action against STAR involving any allegedly improper fee splitting because STAR did not split any fee she paid to STAR. Ms. Handley's Complaint attempts to advocate the rights of undisclosed and unknown third parties, which she has no standing to do under Article III, Section 2 of the United States Constitution.

The standing inquiry requires careful examination of each allegation in Ms. Handley's Complaint to ascertain whether Ms. Handley is entitled to an adjudication of the particular claims she asserts. *Allen v. Wright*, 468 U.S. 737 (1984). The United States Supreme Court has stated that the requirement that a litigant have standing to invoke the power of a federal court is perhaps the most important of the several doctrines recognized as manifestations of the case-or-controversy limitation on federal court subject matter jurisdiction. Id.

Ms. Handley, as the party invoking this Court's subject matter jurisdiction, carries the burden of establishing the elements of her standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Ms. Handley must set forth facts specific to her situation sufficient to satisfy Article III. *Whitmore v. Arkansas*, 495 U.S. 149, 155-56 (1990). Ms. Handley's burden is more than a requirement of pleading. She must support each element of her claims with evidence in the same manner as any other matter for which she bears the burden of proof. *Lujan*, 497 U.S. at 889. Ms. Handley must show this Court that more than speculative inferences connect her alleged injury to STAR's challenged actions. *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26 (1976); *Los Angeles County Bar Ass'n v. Eu.*, 979 F.2d 697 (9th Cir. 1992).

Ms. Handley's allegations must pass a three-prong constitutional test to empower this Court to adjudicate her claims. Ms. Handley must show she suffered an "injury-in-fact" due to STAR's alleged RESPA violations. Ms. Handley must then show that an alleged injury "fairly can be traced to the challenged action." *Whitmore*, 495 U.S. at 155. Finally, Ms. Handley must show the likelihood of redressability by a favorable decision. *Harp Advertising Illinois, Inc. v. Village of Chicago Ridge*, Ill., 9 F.3d 1290 (7th Cir. 1993). Ms. Handley fails all three prongs of the standing test.

### Ms. Handley cannot show she suffered an "injury in fact".

"Injury-in-fact" means that Ms. Handley must have a "personal stake" in the adjudication of STAR's alleged RESPA violations. *New Hampshire Right to Life Political Action Comm. v. Gardner*, 99 F.3d 8 (1st Cir. 1996); *San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121 (9th Cir. 1996). Article III of the United States Constitution, at an irreducible minimum, requires Ms. Handley to show that she personally has suffered some actual or threatened injury as a result of STAR's allegedly illegal conduct. See 15 *Moore's Federal Practice* 3d § 101.40[1]. The Eighth Circuit Court of Appeals has held that when others may have been injured by a defendant's conduct, the actual plaintiff must have been in fact injured by that defendant's conduct to have standing to complain. *Alexander v. City of Minneapolis*, 928 F.2d 278 (8th Cir. 1991). The Alexander court faced a similar conceptual structure as this Court does, and the Alexander court held the plaintiff had no standing in this situation. The City of Minneapolis adopted an ordinance purporting to control adult "bookstores" by zoning. A lawsuit challenged the ordinance for vagueness. One of the plaintiffs, *U.S. Video*, operated a video rental store that the ordinance's definition of "bookstore" might have included. *U.S. Video* alleged that the ordinance applied to it. The City of Minneapolis city attorney, however, had previously opined that the ordinance's definition did not encompass

video rental stores. The Eighth Circuit reasoned that because the City of Minneapolis did not plan to enforce and in fact had not enforced the challenged ordinance against *U.S. Video*, *U.S. Video* had suffered no "injury in fact" and therefore had no standing to challenge the ordinance. Id. Ms. Handley is in the same position as *U.S. Video*. Because STAR did not utilize an AfBA relationship to procure Ms. Handley's business, Ms. Handley has suffered no "injury in fact." Just like *U.S. Video*, Ms. Handley has no standing to invoke the subject matter jurisdiction of this Court to complain about STAR's alleged AfBA disclosure and payment practices related to other STAR customers.

Ms. Handley does not allege and cannot prove that STAR (a) utilized an AfBA to generate her particular business; or (b) paid a referral fee or a fee of any sort to any undisclosed third party in her transaction. Because no AfBA of STAR's generated Ms. Handley's business, Ms. Handley could not have suffered an "injury in fact" from any alleged failure of disclosure. Ms. Handley likewise could not have suffered an "injury-in-fact" by the improper payment of fees when those payments did not occur in her transaction.

**Ms. Handley cannot show that STAR caused her any injury.**

The United States Constitution requires that Ms. Handley show a direct causal connection between her asserted injury and STAR's challenged action. *Florida Audubon Soc'y v. Bensten*, 94 F.3d 658 (D.C. Cir. 1996). STAR did not utilize an AfBA to generate Ms. Handley's business. STAR did not split with any third party the fees and premiums Ms. Handley paid to STAR. STAR therefore had no AfBA disclosure duty under RESPA to Ms. Handley, and Ms. Handley therefore suffered no harm. Because she suffered no harm, it is axiomatic that Ms. Handley cannot show any causal connection between that lack of harm and the RESPA violations she alleges.

**<u>This Court cannot redress Ms. Handley's alleged damages when those damages do not exist.</u>**

Ms. Handley's counsel's allegations rest upon incorrect assumptions. Ms. Handley's counsel assumed that STAR maintained an AfBA relationship with Rainey. STAR does not maintain an AfBA with Rainey, and, at the time of Ms. Handley's transaction, STAR had no relationship whatsoever with Rainey. Thus, there could have been no inadequacies in STAR's AfBA disclosures because STAR under RESPA has no obligation to disclose relationships that do not exist. Because she lacks standing before this Court, Ms. Handley effectively requests that this Court issue an advisory opinion, in violation of Article III of the United States Constitution, to adjudicate claims on behalf of other individuals. This Court lacks the subject matter jurisdiction to entertain Ms. Handley's counsel's action and must therefore dismiss Ms. Handley's Complaint.

## CONCLUSION

Ms. Handley lacks the requisite standing to maintain the action Ms. Handley has filed against STAR, and therefore this Court does not have subject matter jurisdiction over the present cause of action. Ms Handley has no personal stake in the outcome of this lawsuit because she has not been injured by STAR, and the Court cannot redress injuries that do not exist. It is axiomatic that if Ms. Handley does not have standing in her own right neither does "all those similarly situated" she seeks to represent. The Court should grant STAR's Motion to Dismiss.

Respectfully submitted,

**GILL ELROD RAGON OWEN & SHERMAN, P.A.**
425 West Capitol Avenue, Suite 3801
Little Rock, AR 72201
(501) 376-3800

BY: *[signature]*
MARIE-B. MILLER [ABA 84107]
RICHARD L. LAWRENCE [ABA 82091]

## CERTIFICATE OF SERVICE

I, hereby, certify that a copy of the foregoing pleading was served by first class mail, postage prepaid, on the following attorney of record on this 19th day of December, 2001:

Randall K. Pulliam
Cauley Geller Bowman & Coates, LLP
P.O. Box 25438
Little Rock, AR 72221-5438

*[signature]*
Marie-B. Miller